IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BLOUNT, individually and on behalf of the class defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) ) | 08 C 2331 Judge Darrah |
| vs. | ) ) | Magistrate Judge Keys |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING NCC-2 CORPORATION; and ENCORE CAPITAL GROUP, INC., | ) ) ) ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

Pursuant to Fed.R.Civ.P. 26(f), the parties (through counsel) met on August 20, 2008, and conferred regarding this litigation, with Cassandra P. Miller, counsel for plaintiff, and Kathleen Elizabeth Surowiec and Theodore W. Seitz, counsel for defendants, participating. Pursuant to that conference, the parties now present the following status report:

1.  *Claims and Defenses.* Plaintiff claims, for himself and a putative class of similarly situated persons, that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff specifically claims that defendants engaged in the filing and threatening of lawsuits on time-barred debts in violation of 15 U.S.C. § 1692e.

Defendants deny that they engaged in the filing and threatening of lawsuits on the time-barred debts in violation of the FDCPA. To the extent that the Defendant(s)' collection counsel may have filed such suits against any debtors, including the Plaintiff, it was a bona fide error under 15 U.S.C. § 1692k(c)

2.  *Pending motions.* Plaintiff has brought a motion for class certification pursuant to

Fed.R.Civ.P. 23. The parties require written and oral discovery prior to briefing the motion for class certification. The parties propose the following briefing schedule: defendants to respond to plaintiff's motion for class certification by November 19, 2008; plaintiff to reply by December 10, 2008.

    3.    *Settlement*. The Plaintiff has indicated that he is not in a position to settle this case at this time. However, the Plaintiff does believe that a settlement conference may be beneficial at a later date; the parties undertake to contact the Court should such a conference prove to be necessary or beneficial. Discovery needed prior to a settlement conference would include, but not necessarily be limited to, to the size and identification of the putative class.

    4.    *Initial disclosures*. The parties have exchanged initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

    5.    *Discovery plan*.

        a.    Discovery will be required on the facts and merits of the case, and the requirements for certification of a class pursuant to Fed.R.Civ.P. 23. Expert testimony is not expected in this matter at this time, but may prove to be necessary at a later date.

        b.    Plaintiff suggests a fact discovery cutoff date of April 27, 2009.

        c.    The parties expect that motions for summary judgment, in part or in whole, will be filed by the parties. Such motions would be filed three weeks after the close of fact discovery, pursuant to this Court's standing order.

        d.    The parties expect that this case would be ready for trial approximately five months after the close of discovery to be selected by this Court, depending on the date of ruling upon the parties' motions for summary judgment. The parties request a trial date in that time frame on a date convenient to the Court, as well as dates for a final pre-trial conference and the filing of a pre-trial order. The parties expect that a trial would take about four days to complete.

        e.    The parties anticipate that discovery would include information that is

properly protectable from disclosure under Seventh Circuit precedent and Fed.R.Civ.P. 26(c). The parties will be submitting a joint proposed protective order for the Court's consideration.

6. *Magistrate Judge consent*. The parties do not unanimously consent to the jurisdiction of a magistrate judge for all proceedings, including trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Cassandra P. Miller | /s/ Kathleen Elizabeth Surowiec |
| Daniel A. Edelman | Richard Eric Gottlieb |
| Cathleen M. Combs | Kathleen Elizabeth Surowiec |
| James O. Latturner | Dykema Gosset PLLC |
| Cassandra P. Miller | 10 South Wacker Drive |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | Suite 2300 |
| | Chicago, IL 60606 |
| 120 South LaSalle Street, 18th Floor | (312) 876-1700 |
| Chicago, Illinois 60603 | |
| (312) 739-4200 | |
| (312) 419-0379 (FAX) | Theodore Wilson Seitz |
| | Dykema Gossett, PLLC |
| | 201 Townsend St., Suite 900 |
| | Lansing, MI 48933 |
| | (517)374-9149 |

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that the preceding was filed with the Court electronically on August 22, 2008, and that the same was served on counsel for defendant, listed above, by operation of the Court's electronic filing system.

/s/ Cassandra P. Miller
Cassandra P. Miller